IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAVAR MARTIN<br>1142 Saxe Avenue<br>Cuyahoga Falls, Ohio 44221,<br><br>on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT COUNTY<br>c/o County Executive, Ilene Shapiro<br>Ohio Building – 8th Floor<br>175 South Main Street<br>Akron, OH 44308<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff, Lavar Martin, by and through undersigned counsel, and for his Complaint against Summit County ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Summit County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

8. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

10. Plaintiff Martin has been employed by Defendant as a Detention Officer at the Summit County Juvenile Court since March 2006.

11. Plaintiff and other similarly situated employees were employed as detention officers.

12. Plaintiff and other similarly situated detention officers had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies, procedures, and practices, including time and payroll policies, procedures, and practices.

13. Plaintiff and other similarly situated detention officers were non-exempt employees under the FLSA.

14. Plaintiff and other similarly situated detention officers were paid an hourly wage.

**(Failure to Pay for All Hours Worked)**

15. Plaintiff and other similarly situated detention officers frequently performed work before and after their scheduled start and stop times, including their primary job duties as detention officers.

16. Prior to May 2019, Plaintiff and other similarly situated detention officers were only paid for work performed between their scheduled start and stop times and were not paid for work performed before and after their scheduled start and stop times.

17. After May 2019, Plaintiff and other similarly situated detention officers were required to clock in no more than seven minutes before the start of their scheduled shift and required to clock out no more than seven minutes after their scheduled shift time. Due to this new rounding policy established by Summit County, Plaintiff and other similarly situated detention officers' punch time is always rounded against them.

18. Despite the work they performed before and after their scheduled start and stop times, they were only paid for work performed between their scheduled start and stop times as a result of Defendant's previous practice prior to May 2019 and new policy after May 2019.

3

19. The time Plaintiff and other similarly situated detention officers spent performing their primary job duties before and after their scheduled start and stop times was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

**(Failure to Pay Overtime Compensation)**

20. As a result of Plaintiff and other similarly situated detention officers not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

21. The amount of time Plaintiff and other similarly situated detention officers spent on this requested and unpaid worked performed before and after their scheduled shift start and stop times amounted to approximately 15 minutes per day.

22. Plaintiff estimates that he worked on average between 41 and 42 hours per week, but was paid for 40 hours per week.

**(Failure to Keep Accurate Records)**

23. Upon information and belief, Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly situated detention officers.

**(Defendant Willfully Violated the FLSA and OMFWSA)**

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current detention officers employed by Summit County at any time between November 12, 2016 and the present.

27. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 40 persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

29. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current detention officers employed by Summit County in the State of Ohio at any time between November 12, 2016 and the present.

31. The Ohio Class is so numerous that joinder of all class members is impracticable.

Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 40 persons.

32. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its detention officers for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

33. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims rise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

34. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interest is not antagonistic to, but rather is in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys'

fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Defendant's practice and policy of not paying Plaintiff and other similarly situated detention officers overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

39. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated detention officers violated the FLSA, 29 C.F.R. § 516.2(a)(7).

40. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

41. As a result of Defendant's practices and policies, Plaintiff and other similarly situated detention officers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code § 4111.03)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated

detention officers overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

44. By failing to pay Plaintiff and other similarly situated detention officers overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

45. As a result of Defendant's practices and policies, Plaintiff and other similarly situated detention officers have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid overtime wages;

C. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class under the FLSA;

D. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

  E. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

  F. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

          Respectfully submitted,

          /s/ Lori M. Griffin
          Lori M. Griffin (0085241)
          Chastity L. Christy (0076977)
          Anthony J. Lazzaro (0077962)
          The Lazzaro Law Firm, LLC
          The Heritage Bldg., Suite 250
          34555 Chagrin Blvd.
          Moreland Hills, Ohio 44022
          Phone: 216-696-5000
          Facsimile: 216-696-7005
          lori@lazzarolawfirm.com
          chastity@lazzarolawfirm.com
          anthony@lazzarolawfirm.com
          Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

          /s/ Lori M. Griffin
          One of the Attorneys for Plaintiff